[Crim. No. 5244. Second Dist., Div. Two. Mar. 3, 1955.]

THE PEOPLE, Respondent, v. ODELL HAYWOOD et al., Defendants; JUANITA ODELLIA HENDERSON, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

FOX, J.—Defendant Odell Haywood was convicted of statutory rape, the victim being a 16-year-old girl. Defendant Juanita Odellia Henderson was convicted of the same offense on the theory that she aided and abetted her codefendant in the commission of this crime and was therefore a principal under the provisions of section 31 of the Penal Code. Defendant Henderson appeals from the ensuing judgment.

In the evening of November 18, 1953, Officer Cartwright observed Haywood and Mrs. Henderson, the mother of the prosecutrix, in the Cat and Fiddle restaurant. Haywood left the restaurant and got into his car. A moment later Mrs. Henderson also left the restaurant and got into her car. She drove away and Haywood followed her. The prosecutrix lived with her mother in the city of Compton. Some 20 minutes after Mrs. Henderson arrived home Haywood came in. A young girl met him in the living room where her mother was engaged in a telephonic conversation. Haywood said hello to Mrs. Henderson. The girl and Haywood then walked past the mother into the bedroom. Haywood gave the girl a $10 bill which she placed in the medicine chest in the bathroom. She then returned to the bedroom where, she testified, she had an act of intercourse with Haywood.

The officers had followed the defendants to the Henderson home. They thereupon took up a vantage point where they could observe what took place in the bedroom. Although the Venetian blind was drawn, there was a crack through which it was possible to see inside the lighted room. The officers described the position of the girl and Haywood on the bed, the position with relation to each other, and Haywood's movements. In a few moments they entered the house and went directly to the bedroom. They also related the physical condition in which they found Haywood.

On entering the house, one of the officers observed a $10 bill in Mrs. Henderson's right hand. She moved the cushion on the sofa with her left hand and apparently attempted to hide the bill. The officers, however, seized it while still in her hand.

The prosecutrix testified that a few months prior to November, 1953, her mother had caught her engaging in an act of sexual intercourse and was "quite mad." Shortly after this incident, however, appellant told her she would bring the men. Thereafter men came to the house and had intercourse with the prosecutrix for money. They did not come by invitation of the prosecutrix but always arrived about

20 minutes after her mother came home. Appellant was in the house when the acts of intercourse took place. The prosecutrix placed the money given her by the men in the medicine chest. The money sometimes remained there but on other occasions it was gone when she returned. Appellant gave her money when she asked for it.

Appellant confessed her part in the offense to the police, but denied it at the trial.

■ Appellant's first contention is that the evidence is not sufficient to support the judgment of conviction. Her theory is that the corpus delicti of the crime of rape was not shown, in that the essential element of "penetration" was not proved. There is no merit in this point. This element of the offense "may be proved by circumstantial as well as direct evidence." (*People* v. *Vicencio,* 71 Cal.App.2d 361, 365 [162 P.2d 650].) Without reciting the details of what the officers saw when looking through the window and when they entered the bedroom, it certainly may be said that the trier of fact could clearly infer that an act of intercourse took place and that the element here in question was established. Furthermore, the prosecutrix testified on direct examination that she knew what an act of sexual intercourse was and that she had committed such an act with Haywood. This testimony disclosed there was penetration. Appellant, however, emphasizes that on cross and re-direct examination the girl gave contradictory testimony on this point. Relying on this testimony, appellant asserts that "It would therefore appear to be conclusive that an act of sexual intercourse was not accomplished between Haywood and the complaining witness." Such conclusion, however, does not necessarily follow. ■ It is, of course, fundamental that the credibility of a witness is for the determination of the trier of fact. Hence conflicts and inconsistencies in the testimony of an individual witness are to be resolved by the fact finding authority. (*People* v. *Frankfort,* 114 Cal.App.2d 680, 700 [251 P.2d 401]; *People* v. *White,* 115 Cal.App.2d 828, 831 [253 P.2d 108]; *People* v. *Ashley,* 42 Cal.2d 246, 266 [267 P.2d 271].) ■ Thus the trial judge was entitled to accept as true the testimony of the complaining witness on direct examination rather than the conflicting testimony which she later gave. (*People* v. *Crawford,* 24 Cal.App. 396, 403 [141 P. 824]; *People* v. *Holman,* 72 Cal.App.2d 75, 89 [164 P.2d 297].)

■ Appellant vainly argues that "the court erred in admitting evidence of misconduct between the complaining

witness and third persons." Her theory is that "other acts of sexual intercourse between the complaining witness and third persons would not tend to prove or disprove any of the material facts alleged in the information." Appellant, however, misconceives the nature of the charge against her. It is based on the theory that she aided and abetted in the commission of the offense. The testimony of the prosecutrix revealed that appellant had stated she would bring men to the prosecutrix and that thereafter she did bring them; that these men arrived about 20 minutes after appellant arrived; that the men paid the prosecutrix $10 which she placed in the medicine chest; and that the money was sometimes gone when the prosecutrix returned to it. This testimony disclosed a plan, scheme and pattern identical with the appellant's acts and conduct in the instant matter. Such testimony tended to show that appellant in fact furnished Haywood as a "customer" to the prosecutrix. The evidence was therefore clearly admissible. (*People* v. *Woods*, 35 Cal.2d 504, 509 [218 P.2d 981].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.