[Crim. No. 3600.   First Dist., Div. Two.   July 1, 1959.]

THE PEOPLE, Respondent, v. JAMES L. KOONTZ,
Appellant.

John A. Waner, under appointment by the District Court
of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant was charged in two counts with violations of Penal Code, sections 288 and 285, lewd conduct with a child and incest.  He was found guilty of incest and not guilty on the other count.

Appellant's daughter, then 13, testified that appellant met her and her twin brother on the street and took them to his apartment where, after sending the brother out to buy

cookies, he had an act of sexual intercourse with her. Appellant's sole contention on appeal is that there was not sufficient evidence of sexual penetration.

On direct examination the little girl, not in answer to leading questions, gave clear and explicit testimony of penetration. On cross-examination in answer to leading questions as to whether she was sure that there had been penetration (i.e. "You are not sure . . . are you?") she answered "No."

While a physician testified that Vivian's physical development was such that an act of intercourse with her by an adult could have occurred this, as appellant points out, falls short of proof of actual penetration and that proof must be found in the daughter's testimony.

The case is governed by the rule that conflicts in the testimony of a single witness are to be resolved by the trier of the fact. In *People* v. *Haywood,* 131 Cal.App.2d 259 [280 P.2d 180] (a statutory rape case in which a 16-year-old girl gave conflicting testimony on direct and cross-examination as to whether there had been penetration) the court said at page 261: "It is, of course, fundamental that the credibility of a witness is for the determination of the trier of fact. Hence conflicts and inconsistencies in the testimony of an individual witness are to be resolved by the fact finding authority. (*People* v. *Frankfort,* 114 Cal.App.2d 680, 700 [251 P.2d 401]; *People* v. *White,* 115 Cal.App.2d 828, 831 [253 P.2d 108]; *People* v. *Ashley,* 42 Cal.2d 246, 266 [267 P.2d 271].) Thus the trial judge was entitled to accept as true the testimony of the complaining witness on direct examination rather than the conflicting testimony which she later gave. (*People* v. *Crawford,* 24 Cal.App. 396, 403 [141 P. 824]; *People* v. *Holman,* 72 Cal.App.2d 75, 89 [164 P.2d 297].)" See also the discussion with citation of authorities in *People* v. *Holman, supra,* 72 Cal.App.2d 75, 89-90.)

While we are keenly sensitive to the danger of unwarranted convictions in cases of this character, the jury in this case was not only given the customary cautionary instruction (*People* v. *Putnam,* 20 Cal.2d 885, 890-892 [129 P.2d 367]), but it was clearly instructed on the lesser offense involved in count one of the information and on the necessary elements of incest, and further instructed that it could find appellant guilty on either count but not on both. The jury chose to find the appellant guilty of the greater offense charged in count two. The trial judge was satisfied with the correctness of this verdict as shown by his denial of appellant's motion

for new trial. On the whole case we can find no lack of support for the jury's verdict in the testimony of the little girl.

The appellant moved for a dismissal of count two which he now argues should have been treated as a motion for an advised verdict. Since the evidence was sufficient the court committed no error in not advising the jury to acquit appellant on count two.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.