182 Cal.App.4th 1477 (2010)
THE PEOPLE, Plaintiff and Respondent,
v.
GEORGE MILWARD, Defendant and Appellant.
No. C058326.
Court of Appeals of California, Third District.
March 22, 2010.
*1479 Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
BUTZ, J.
A jury convicted defendant George Milward of assault with a deadly weapon and assault by a life prisoner with a deadly weapon. (Pen. Code, §§ 245, subd. (a)(1), 4500.)[1] The jury also found defendant had two strike convictions (for murder and attempted murder, arising out of the same case), one of which was also charged as a serious felony. (§§ 667, subds. (a), (b)-(i), 1170.12.)
The trial court sentenced defendant to state prison for life without parole for 27 years for assault by a life prisoner (nine years tripled per § 667, subd. (e)(2)(A)(i)), consecutive to a five-year term for a prior serious felony, consecutive to defendant's current sentence (Super. Ct. Riverside County, 1993, No. ICR17175),[2] and imposed but stayed (§ 654) a 25-year-to-life sentence for assault with a deadly weapon.
Defendant timely appealed. Defendant contends that the elements of an assault with a deadly weapon (§ 245, subd. (a)(1)) are included within an assault by a life prisoner with a deadly weapon (§ 4500), and therefore the lesser charge must be reversed. The Attorney General concedes this point, *1480 asserting it is controlled by a California Supreme Court case, People v. Noah (1971) 5 Cal.3d 469 [96 Cal.Rptr. 441, 487 P.2d 1009] (Noah).
We reject the concession. Under the current statutes, a life prisoner can commit an assault with a deadly weapon in violation of section 4500 without committing an assault with a deadly weapon in violation of section 245, subdivision (a)(1). The latter is not included within the former. We publish this case to explain why Noah is no longer controlling authority, and to explain that the pattern jury instruction, CALCRIM No. 875, is incomplete and should be clarified. We shall affirm the judgment.

FACTUAL BACKGROUND
Evidence was presented from which the jury could find that on June 16, 2001, defendant and another inmate attacked a third inmate, who was stabbed with one or more prison-made sharp weapons. The parties stipulated defendant was serving a life sentence.
In a bifurcated proceeding, the jury received evidence showing defendant's prior strike convictions and the prior serious felony conviction allegation.

DISCUSSION
(1) A defendant may not be convicted of an offense that is included within another offense. (People v. Reed (2006) 38 Cal.4th 1224, 1227 [45 Cal.Rptr.3d 353, 137 P.3d 184] (Reed).)
"[I]f the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (Reed, supra, 38 Cal.4th at p. 1227.) The manner in which a crime has been pleaded is not relevant when assessing whether one offense is included within another offense; the pleadings are relevant when and only when the question is whether a defendant may be convicted of an uncharged crime. (Id. at pp. 1228-1231.)
(2) An assault is an "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) A number of statutes refer to assaults with "a deadly weapon" or by means of force "likely to produce great bodily injury" to define a crime or enhance punishment. (See, e.g., Pen. Code, §§ 245, subd. (a)(1), 245.2, 245.3, 245.5, 653f, subd. (a), 1170.8, 4500, 4501; Welf. & Inst. Code, § 1768.8, subd. (b).) Such assaults are commonly referred to as "aggravated" assaults. (See, e.g., Noah, supra, 5 Cal.3d at p. 472; People v. Murray (2008) 167 Cal.App.4th 1133, *1481 1139 [84 Cal.Rptr.3d 676].) But, as we shall see, not all aggravated assaults are aggravated in the same way.
Noah in part discussed the crimes of aggravated assault by a life prisoner (§ 4500) and aggravated assault by a prisoner "except one undergoing a life sentence." (Former § 4501; Stats. 1963, ch. 2027, § 1, p. 4168; see Noah, supra, 5 Cal.3d at pp. 475, 476.) The jury had been instructed that the latter offense was included in the former, but the court held that because a section 4501 conviction requires a finding "that the defendant is not serving a life sentence, the section cannot be considered a lesser degree of the offense set forth in section 4500." (Noah, supra, 5 Cal.3d at p. 476; see id. at pp. 474-477.)
Noah also held that aggravated assault, as then defined by section 245, subdivision (a), was a lesser included offense of aggravated assault by a nonlife prisoner, as defined by section 4501: "The elements of the offenses set forth in sections 4501 and 245, subdivision (a), are identical in all respects except that section 4501 requires, as an additional element, that the defendant be a prisoner confined in a state prison." (Noah, supra, 5 Cal.3d at p. 479; see id. at p. 477.)
We accept the Attorney General's view that Noah applies to section 4500 equally as it applies to section 4501; that is, Noah compels the conclusion that aggravated assault by a life prisoner could not be committed without committing aggravated assault as then proscribed by section 245, subdivision (a).
The crime in Noah occurred on April 30, 1967. (Noah, supra, 5 Cal.3d at p. 473; see People v. Chacon (1968) 69 Cal.2d 765, 770 [73 Cal.Rptr. 10, 447 P.2d 106] [prior appeal].) At that time, section 245, subdivision (a) proscribed an "assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury." (See Stats. 1966, 1st Ex. Sess., ch. 21, § 4, p. 308; Noah, supra, 5 Cal.3d at p. 477, fn. 6.)
After Noah was decided, though not in response thereto, the Legislature materially rewrote section 245.
(3) Generally speaking, a firearm can be a deadly weapon, even if unloaded, when used as a bludgeon. (See People v. Orr (1974) 43 Cal.App.3d 666, 672 [117 Cal.Rptr. 738]; People v. White (1953) 115 Cal.App.2d 828, 832 [253 P.2d 108], disapproved on another point in People v. McFarland (1962) 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449].) In 1982, the Legislature decided to treat assaults with firearms more harshly than assaults with *1482 other kinds of deadly weapons. (See fn. 3, post.) What had been subdivision (a) of section 245 was divided into two subdivisions to create separate crimes. Subdivision (a) was amended to read substantially as it reads today, with subdivision (a)(1) applicable to assaults with a deadly weapon other than a firearm or by means likely to cause great bodily injury, and subdivision (a)(2) applicable to assaults with a firearm, and providing greater punishment for the latter offense. (Stats. 1982, ch. 136, § 1, p. 437.)[3]
It now is possible to violate section 4500 without violating section 245, subdivision (a)(1). To show why, we set out relevant parts of both statutes, as they read now:
Section 4500 provides in relevant part: "Every person while undergoing a life sentence, who is sentenced to state prison within this state, and who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury is punishable with death or [life without parole]." (Italics added; see Stats. 1986, ch. 1445, § 1, p. 5166.)
Section 245, subdivision (a) provides, in relevant part:
"(1) Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment [for two, three, or four years, or jail time].
"(2) Any person who commits an assault upon the person of another with a firearm shall be punished [also for two, three, or four years, but with a minimum of six months in jail]." (Italics added; see Stats. 2004, ch. 494, § 1.)[4]
*1483 (4) Thus, aggravated assault as provided by section 245, subdivision (a)(1) cannot be committed with a firearm, because assaults with firearms are explicitly excluded from that offense. However, aggravated assault by a life prisoner as provided by section 4500 can be committed with a firearm, a type of deadly weapon. Therefore, if a life prisoner committed an assault with a firearm, she or he would violate section 4500, but would not violate section 245, subdivision (a)(1). Therefore, the latter is not included within the former. (See Reed, supra, 38 Cal.4th at pp. 1227-1231.)[5]
(5) We are, of course, bound by California Supreme Court opinions. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) However, where a California Supreme Court opinion states a rule based on a statute that has been materially amended, we are not bound. We have faced a similar circumstance before, when we concluded that despite prior California Supreme Court precedent, statutory amendments meant that contributing to the delinquency of a minor (§ 272) was no longer included within unlawful sexual intercourse (§ 261.5). We stated the statutory changes "effectively uncoupled the lesser offense as necessarily included in the greater." (People v. Bobb (1989) 207 Cal.App.3d 88, 93, 91-96 [254 Cal.Rptr. 707], disapproved on another point in People v. Barton (1995) 12 Cal.4th 186, 198, fn. 7 [47 Cal.Rptr.2d 569, 906 P.2d 531].)
*1484 The same is true here. The version of section 245, subdivision (a) addressed by Noah has been materially changed and Noah no longer provides a binding interpretation.[6]
(6) Accordingly, defendant was properly convicted of both offenses. As stated earlier, punishment for one count was imposed and then stayed pursuant to section 654.
In reviewing this record we discovered a related problem that should be addressed. The jury was not correctly instructed on the definition of section 245, subdivision (a)(1). The jury was instructed with CALCRIM No. 875, now the approved pattern instruction. That instruction is incomplete.
CALCRIM No. 875 is a lengthy instruction that attempts to encompass all possible violations of section 245, subdivisions (a) and (b) by giving the trial court a series of choices about what language to use, depending on the particular case. It defines a deadly weapon as "any object, instrument, or weapon that is inherently deadly or dangerous or one that is used in such a way that it is capable of causing and likely to cause death or great bodily injury." (CALCRIM No. 875.) It does not offer language accurately defining the offense stated by section 245, subdivision (a)(1), that is, excluding firearms from its ambit.
In contrast, the analogous CALJIC instruction, which covers section 245, subdivision (a)(1) and (2), rather than all of subdivisions (a) and (b), offers optional language describing section 245, subdivision (a)(1) as an assault "with a deadly weapon or instrument, other than a firearm." (CALJIC No. 9.02 (Fall 2009) pp. 527-528.)
CALCRIM No. 875 should be rewritten to fix this problem.[7]

*1485 DISPOSITION
The judgment is affirmed.[8]
Nicholson, Acting P. J., and Robie, J., concurred.
NOTES
[1] Undesignated statutory references are to the Penal Code.
[2] See footnote 8, post.
[3] An urgency provision stated, in pertinent part: "In order to alter the increasing incidence of violence with firearms and to protect the people of the State of California from such violence it is necessary that this act take effect immediately." (Stats. 1982, ch. 136, § 14, p. 455.) Another provision delayed the operative date for 30 days. (Id., § 15, p. 455.)

Thus, the 1982 amendment had the explicit purpose of reducing firearm violence. Nothing in the amendment suggests it was designed to alter the relationships between sections 245, 4500 and 4501, as those relationships had been analyzed by the California Supreme Court in Noah, supra, 5 Cal.3d 469.
[4] Section 245, subdivision (a) has been slightly amended since the time of defendant's crime, to add a reference to a particular kind of firearm, but that change is not material to this case. At the time of the crimes, it read in full:

"(1) Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.
"(2) Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment.
"(3) Any person who commits an assault upon the person of another with a machinegun, as defined in Section 12200, or an assault weapon, as defined in Section 12276 or 12276.1, shall be punished by imprisonment in the state prison for 4, 8, or 12 years." (See Stats. 1999, ch. 129, § 1.)
After these crimes, a ".50[-caliber Browning Machine Gun] BMG rifle, as defined in Section 12278" was added to the types of firearms covered by subdivisions (a)(3) and (d)(3) of section 245. (See Stats. 2004, ch. 494, § 1.)
Section 245, subdivision (b) provides greater punishment for assaults with semiautomatic firearms; subdivisions (c) and (d) provide greater punishment when the perpetrator knows the victim is a peace officer or firefighter; subdivision (e) provides for confiscation and disposal of certain firearms; and subdivision (f) defines peace officers as used in this statute.
[5] The information alleged that a sharp instrument was used to commit the section 245, subdivision (a)(1) offense, not a firearm. As stated above, we do not consider the pleadings in determining whether one offense is included within another. (Reed, supra, 38 Cal.4th at pp. 1228-1231.) Therefore, it is irrelevant that the hypothetical case showing that the one offense is not included within the other does not match the circumstances of this particular case.
[6] People v. McDaniel (2008) 159 Cal.App.4th 736 [71 Cal.Rptr.3d 845] states: "[B]oth sections 245, subdivision (a)(1) and 4501 proscribe the commission of an assault with a deadly weapon or by any means of force likely to produce great bodily injury. Section 4501 adds one more element: the perpetrator must be a person incarcerated in state prison. Thus, a violation of section 245, subdivision (a)(1) is necessarily included in section 4501 because one cannot commit the latter offense without also committing the former." (Id. at p. 749.) Because McDaniel does not discuss the relevant statutory elements, it is not persuasive.
[7] CALJIC provides a separate instructionCALJIC No. 9.02.1to cover charges of violating section 245, subdivisions (a)(3) and (b), and two separate instructionsCALJIC Nos. 9.20 and 9.20.1to cover charges of violating section 245, subdivisions (c) and (d). CALCRIM No. 875 spans nearly three full pages, and may be too ambitious in its scope.
[8] As defendant notes, the abstract misidentifies his Riverside County case. The correct case number is ICR17175. The trial court is directed to prepare and forward a corrected abstract to California's Department of Corrections and Rehabilitation. (See fn. 2, ante.)