Filed 6/30/15  P. v. Milward CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C076534 |
| Plaintiff and Respondent, | (Super. Ct. No. CH030375) |
| v. | |
| GEORGE ANTHONY MILWARD, | |
| Defendant and Appellant. | |

A jury found defendant George Anthony Milward guilty of possession of a sharp instrument while an inmate at a penal institution (Pen. Code, § 4502, subd. (a))[1] and found true the allegations that defendant had two prior strike convictions (§§ 667, subds. (b)-(i), 1192.7).  The trial court sentenced him to a consecutive term of 25 years to life in prison.

---

[1] Further undesignated statutory references are to the Penal Code.

1

Defendant contends the judgment should be reversed because he received ineffective assistance of counsel in pretrial plea negotiations and at sentencing. On the record before us, we find defendant has failed to demonstrate the requisite prejudice. Accordingly, we affirm the judgment.

## BACKGROUND

The facts underlying defendant's conviction are not relevant to this appeal. It suffices to say that the jury found him guilty as set forth above. Before his sentencing, defendant asked the trial court to strike one of his prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). In that motion, defendant's counsel argued defendant had rejected an initial plea offer of four years in prison, consecutive to the life terms he was already serving. Without evidentiary support, defendant's counsel wrote: "A very reasonable offer was made to resolve this matter. However, it was rejected. At the time, counsel believed that [defendant] faced a maximum sentence of eight years. Upon review to [*sic*] the probation report, it came to the attention of all parties . . . that . . . a sentence of twenty-five to life was mandated."

Defendant's probation report indicated that in addition to juvenile adjudications for petty theft, grand theft auto, and obstructing or resisting a public officer, defendant was convicted of first degree *and* second degree murder in 1993 in Riverside County and of assault by a life prisoner in 1993 in Sacramento County. (This description was slightly incorrect, as we describe *post*.)

At the sentencing hearing, the trial court recounted defendant's criminal history as including two murder convictions in 1993, and that while he was serving a life sentence he assaulted another inmate, for which he was sentenced to life yet again. The trial court also indicated the mandated sentence of 25 years to life seemed harsh for a weapon possession, but recognized that it was required in light of defendant's multiple prior strike convictions. Based on its understanding of defendant's criminal history, the trial court

2

found no valid grounds to strike a prior conviction, and sentenced defendant to the mandated term of a consecutive 25 years to life.

## DISCUSSION

Defendant contends his counsel was constitutionally ineffective: (1) prior to trial, when counsel misadvised defendant that he would face a maximum penalty of eight years, allegedly causing defendant to reject the prosecutor's four-year plea offer; and (2) at sentencing, when counsel failed to object to the probation report or the prosecutor's argument, which included the incorrect information regarding defendant's criminal history. He argues that he had only been convicted of one murder (in 1993) and one assault (in 2007).[2] We address his second claim first.

Importantly, our review of the record agrees with the Attorney General's argument on this appeal that indeed defendant was convicted of *both* murder and attempted murder in 1993--two different counts constituting two strikes--as well as assault in 2007. We affirmed his 2007 conviction on appeal; the factual recitations in our opinion in that case, (*People v. Milward* (2010) 182 Cal.App.4th 1477, 1479, review granted July 11, 2010, S182263), in the subsequent Supreme Court opinion (*People v. Milward* (2011) 52 Cal.4th 580, 583), and in the unpublished opinion on remand (*People v. Milward* (May 7, 2012, C058326 [nonpub. opn.])), all indicate defendant had two prior strike convictions-- one for murder and one for attempted murder--when he was convicted in the 2007 case. Thus, to the extent that the probation report provided the trial court with erroneous information, to which counsel failed to object, the discrepancies were minor--that one

---

[2] Appellate counsel purported to withdraw this claim at oral argument after we confronted her with evidence of defendant's prior convictions, described immediately *post*. We nonetheless elect to decide the claim on its merits, to clarify defendant's record in the event that this same claim is later brought by petition for writ of habeas corpus. We denied counsel's untimely request to continue oral argument in order to complete an investigation for writ purposes and to seek consolidation of any resulting writ with this direct appeal.

count of murder was instead attempted murder, and the assault conviction was entered in 2007 rather than 1993.

To prevail on his claim of ineffective assistance of counsel, defendant must show (1) that his counsel's representation was deficient, i.e., that it "fell below a standard of reasonable competence," and (2) that prejudice resulted, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694 [80 L.Ed.2d 674, 693, 698].) "If the defendant makes an insufficient showing on either one of these components, the ineffective assistance claim fails." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.)

Defendant's claim appears to be that had counsel objected to probation's inaccurate representation of defendant's criminal history, the trial court would have exercised its discretion pursuant to section 1385 to strike one of defendant's priors. His argument relies solely on his interpretation of the trial court's commentary during the sentencing hearing. We disagree.

The trial court initially stated that it had no basis "under the law" to strike any of defendant's prior strike convictions. It then noted that defendant's case was a "little different in two respects"; citing the "effect of the sentence that [it] would otherwise impose" and the claim of counsel's "misadvice as to the penalty." The court concluded that the only basis to grant defendant's *Romero* motion would be "to accommodate judicial convenience" because of the anticipated protracted litigation surrounding the aforementioned issues. It added it had "absolutely no grounds upon which to base any discretion in striking a strike."

The trial court is not permitted to strike a strike "solely 'to accommodate judicial convenience,' " (*Romero, supra,* 13 Cal.4th at p. 531), and the trial court correctly declined to do so. The record does not indicate, and defendant has not shown, that had the trial court been accurately advised of defendant's criminal history--that one of the two

4

reported *murder* convictions was for *attempted murder* and that the assault conviction was much more *recent* (2007 rather than 1993) than reported--it would have exercised its discretion to strike defendant's prior strike conviction. (*People v. Stephenson* (1974) 10 Cal.3d 652, 661 [proof of counsel's "inadequacy or ineffectiveness must be a demonstrable reality and not a speculative matter"].)

Defendant also claims to have rejected a plea bargain based on his counsel's error. To prevail in this context, he must establish both that counsel's representation fell below an objective standard of reasonableness and that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." (*Lafler v. Cooper* (2012) 566 U.S. __, __ [182 L.Ed.2d 398, 407]; see *Missouri v. Frye* (2012) 566 U.S. __, __ [182 L.Ed.2d 379, 391]; see also (*In re Alvernaz* (1992) 2 Cal.4th 924, 938.) Here, despite the assertion of counsel's mistaken belief and advice, the record does not establish that defendant would have accepted the offer had counsel properly advised him or that the trial court would have accepted the plea. Thus defendant has not shown prejudice.

To the extent defendant's claim relies on facts outside the appellate record, he must seek relief, if at all, by petition for writ of habeas corpus (*People v. Waidla* (2000) 22 Cal.4th 690, 743-744), as he concedes in his reply brief and at oral argument.

## DISPOSITION

The judgment is affirmed.


                                     _____DUARTE_____, J.


We concur:


_____MAURO_____, Acting P. J.


_____HOCH_____, J.