[No. C059700. Third Dist. May 17, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
YANG VANG, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to *California Rules of Court,* rule 8.1110, this opinion is certified for publication with the exception of parts II, III, IV, and V of the Discussion.

**COUNSEL**

Hayes H. Gable III, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Robert K. Gezi and Ryan B. McCarroll, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HULL, J.**—A jury found defendant Yang Vang guilty of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)), being a felon in possession of ammunition (Pen. Code, § 12316, subd. (b)(1)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), possessing methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a)), possession of codeine and thebaine (Health & Saf. Code, § 11350, subd. (a)), and possession of drug paraphernalia (Health & Saf. Code, § 11364). The court sentenced defendant to four years four months in prison.

On appeal, defendant contends (1) his sentence for felon in possession of a firearm should have been stayed pursuant to Penal Code section 654; (2) there was insufficient evidence to support his conviction for possessing methamphetamine while armed with a loaded, operable firearm; (3) the court should not have informed the jury of the nature of his prior felony conviction; and (4) ineffective assistance of counsel. We modify the award of credits and affirm the judgment as modified.

FACTS AND PROCEEDINGS

On August 16, 2007, Sacramento police and probation officers conducted a probation search of defendant's home. When they arrived, they found defendant working on a car in the driveway. They searched him and found on him a glass pipe for smoking methamphetamine and $2,070 in cash.

In the house, officers found Nancy Thow, Xai Fang, and Sherrie Ly sitting on the couch with defendant's son. They searched the house and found 0.56 grams of methamphetamine in one closet, 4.21 grams of codeine and thebaine in another closet, and two digital scales in one of the closets. The house had a surveillance camera on the front door, which could be viewed through a television monitor inside the house.

Officers went into a locked bedroom in the northwest corner of the house after obtaining a key from defendant. They found a loaded, operable .357 Magnum revolver under a pillow on the bed and .357-caliber bullets in the bedroom closet.

Fang was interviewed by a detective after the search, and admitted buying $20 worth of methamphetamine from defendant that day, which she, Thow, and defendant smoked a few hours before the search. Testifying, Fang denied buying methamphetamine from defendant or telling the officer she had done

so. The night before, defendant drove Fang and Thow so they could buy methamphetamine, which the three smoked that night.

The People submitted expert testimony that the methamphetamine was possessed for sale in light of the amount of drugs, the digital scales, the $2,070 cash in defendant's possession, and the surveillance system. The parties stipulated defendant had a 2005 felony conviction for possession of methamphetamine (Health & Saf. Code, § 11377).

Defendant testified and denied selling methamphetamine or possessing the drugs, gun, or ammunition. He did not have a bank account; the $2,070 in cash was from his son's disability benefits and his daughter, who worked. He had a surveillance system because he lived in a high crime area and was afraid of break-ins.

DISCUSSION

I

*Penal Code Section 654*

The court sentenced defendant as follows: a three-year middle term for the principal count (possessing methamphetamine while armed with a loaded, operable firearm), with consecutive eight-month terms for felon in possession of a firearm and possession of codeine and thebaine. The court imposed consecutive sentences for possession of methamphetamine while armed and felon in possession of a firearm because defendant's "status as a felon, is a separate element in this case and adds to the seriousness of his offending." Appellant contends the court should have stayed its sentence for felon in possession of a firearm pursuant to Penal Code section 654 because it was inseparable from possession of methamphetamine while armed.

Penal Code section 654, subdivision (a) provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

The section precludes imposition of multiple punishments for conduct that violates more than one criminal statute but which constitutes an indivisible course of conduct. (*People v. Perez* (1979) 23 Cal.3d 545, 551–552 [153 Cal.Rptr. 40, 591 P.2d 63].) Penal Code section 654 serves to match a defendant's culpability with punishment. (*Perez*, at p. 551.) Whether the provision "applies in a given case is a question of fact for the trial court,

which is vested with broad latitude in making its determination. [Citations.] Its findings will not be reversed on appeal if there is any substantial evidence to support them. [Citations.] We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence. [Citation.]" (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143 [127 Cal.Rptr.2d 319] (*Jones*).)

Defendant relies on *People v. Williams* (2009) 170 Cal.App.4th 587 [88 Cal.Rptr.3d 401]. In that case, police found a loaded firearm in the defendant's bedroom and another in a duffelbag containing methamphetamine that was found in the garage. (*Id.* at pp. 596–597.) The defendant was convicted of felon in possession of a firearm and possession of a controlled substance while armed. (*Id.* at p. 595.) The trial court imposed separate concurrent terms for both even though it found the two crimes involved the same act and intent. (*Id.* at p. 645.) The Court of Appeal reversed, holding the trial court's finding was supported by substantial evidence and therefore precluded the imposition of concurrent terms. (*Id.* at p. 646.)

*Williams* is readily distinguishable because the trial court here explicitly found the felon in possession of a firearm and possession of methamphetamine while armed offenses involved separate intents. We must determine whether the court's finding is supported by substantial evidence. We conclude that it is.

In *Jones*, the court held Penal Code section 654 did not preclude the defendant's separate punishment for shooting at an inhabited dwelling (Pen. Code, § 246) and possession of a firearm by a convicted felon (Pen. Code, § 12021, subd. (a)(1)) because the defendant must have possessed the firearm before he drove to the victim's house and fired into it. (*Jones, supra,* 103 Cal.App.4th at pp. 1144, 1147.) In contrast, multiple punishment is improper where the evidence shows that, at most, "fortuitous circumstances put the firearm in the defendant's hand only at the instant of committing another offense . . ." (*People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1412 [273 Cal.Rptr. 253]), such as where the defendant shoots an officer with the gun he wrested away from the officer moments before (*People v. Bradford* (1976) 17 Cal.3d 8, 13, 22–23 [130 Cal.Rptr. 129, 549 P.2d 1225]), or where the shooting follows a struggle with the victim over a gun produced by the victim (*People v. Venegas* (1970) 10 Cal.App.3d 814, 818–821 [89 Cal.Rptr. 103]; see *Jones, supra,* 103 Cal.App.4th at p. 1144).

In *People v. Harrison* (1969) 1 Cal.App.3d 115 [81 Cal.Rptr. 396] (*Harrison*), the defendant was doubly punished for violating Penal Code former section 12021 (now Pen. Code, § 12021, subd. (a)(1)) (felon in

possession of firearm), and Penal Code former section 12031, subdivision (a) (now Pen. Code, § 12031, subd. (a)(1) [carrying a loaded firearm "in a vehicle . . . on any public street"]). (See also *Harrison, supra,* 1 Cal.App.3d at p. 118.) The appellate court upheld the sentence, reasoning: "The two statutes strike at different things. One is the hazard of permitting ex-felons [*sic*] to have concealable firearms, loaded or unloaded; the risk to public safety derives from the type of person involved. The other strikes at the hazard arising when any person carries a loaded firearm in public. Here, the mere fact the weapon is loaded is hazardous, irrespective of the person (except those persons specifically exempted) carrying it." (*Id.* at p. 122.)

The Court of Appeal continued: "The 'intent or objective' underlying the criminal conduct is not single, but several, and thus does not meet another of the tests employed to determine if Penal Code section 654 is violated. [Citation.] For an exconvict to carry a concealable firearm is one act. But loading involves separate activity, and while no evidence shows that appellant personally loaded the pistol, there seem little distinction between loading and permitting another to do so. Thus, two acts, not a single one, are necessarily involved and bring our case outside the prohibition against double punishment for a single act or omission." (*Harrison, supra,* 1 Cal.App.3d at p. 122.)

Defendant's possession of the firearm was not fortuitous, as he kept the loaded firearm under a bedroom pillow. Nor is the possession of the firearm offense inseparable from the crime of possession of methamphetamine while armed. Defendant testified that he lived in a high crime area and used the surveillance system because he was afraid of break-ins. The court could reasonably conclude that defendant possessed the firearm to both conduct his drug business and to protect his home in a high crime area.

As in *Harrison,* the crimes of felon in possession of a firearm and possession of methamphetamine while armed address distinct dangers—that danger of felons possessing firearms, and the extra danger of mixing narcotics and loaded, accessible firearms. Also, possession of methamphetamine while armed requires the weapon to be loaded. (Health & Saf. Code, § 11370.1, subd. (a).) As in *Harrison,* this is a separate act from the mere possession of a firearm by a felon, placing the crimes outside of Penal Code section 654's prohibition against multiple punishment.

Since the offenses involve distinct dangers, separate acts, and separate intents, substantial evidence supports the court's conclusion that a felon in possession of a firearm was a separate offense from possession of methamphetamine while armed.

II–V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is modified to award defendant 214 days' conduct credit for a total of 428 days' presentence credit. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract reflecting the change in credits and forward a copy to the Department of Corrections and Rehabilitation.

Blease, Acting P. J., and Sims, J., concurred.

A petition for a rehearing was denied June 3, 2010, and appellant's petition for review by the Supreme Court was denied September 15, 2010, S184044.

---

*See footnote, *ante*, page 912.