Filed 12/26/13  P. v. Moore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072715 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01739) |
| v. | |
| CAMERON JUNISLEON MOORE, | |
| Defendant and Appellant. | |

A jury found defendant Cameron Junisleon Moore guilty of robbery, attempted robbery, and assault with a deadly weapon.  It also found true allegations he was armed in the commission of both the robbery and attempted robbery.

On appeal, defendant contends the trial court should have stayed execution of sentence on the assault count because the assault was incidental to defendant's attempted robbery of the same victim.  We agree and shall direct the trial court to stay the sentence imposed on the assault count.

1

BACKGROUND

We limit our recitation of the facts to those relevant to this appeal.

On March 9, 2012, defendant and two codefendants set up a craigslist account pretending to have an iPhone to sell in order to lure robbery victims.

Sanchez Robbery

Alex Sanchez responded to the craigslist ad offering an iPhone for $200. He exchanged text messages with the supposed seller of the phone and they agreed to meet at 2213 Meadowbrook Road around 2:00 in the afternoon.

When he drove up, Sanchez saw two African-American men and a Caucasian man outside the house; one of the African-American men was defendant. After Sanchez pulled into the driveway, Sanchez asked the Caucasian man standing in front of the house, "You're the one with the phone?" The Caucasian man answered, "I'm going to get it"; he walked over to defendant, who handed him a gun. The Caucasian man then spun on Sanchez and said, "Give me everything you got." Sanchez handed him $200 and drove away.

Patsarynyuk Robbery

The second victim, Roman Patsarynyuk, had placed his own craigslist ad asking to buy an iPhone. He was contacted by a man and agreed to meet the caller at a home on Meadowbrook Road around 2:00 p.m. When Patsarynyuk got there, he asked the woman standing outside if she was selling an iPhone; she said no, so he left. Soon afterward, a man called Patsarynyuk on his cell phone and told him they were expecting him "over there by the house," so Patsarynyuk drove back to the Meadowbrook Road house.

When he got there and got out of the car, he saw defendant and another African-American man. Defendant said, "I am the one who called you and I have the phone. Come here." But when Patsarynyuk approached, defendant pulled out a gun and said, "Give me your phone, your money, and whatever you got." Patsarynyuk paused for a few seconds; when he started to pull out his phone, defendant said "faster" and hit

2

Patsarynyuk in the head with a gun, smashing his eyebrow.  Patsarynyuk immediately crouched down and two more men ran over.  Defendant and one of the other men started going through Patsarynyuk's front pockets.

Police officers then appeared.  Sanchez had called the police after he was robbed, and the officers responding to Sanchez's call saw defendant hit Patsarynyuk.  After a chase, defendant was caught and both Sanchez and Patsarynyuk identified defendant during field showups as their assailant.

Following a trial, the jury found defendant guilty on all three counts and found true allegations he was armed in the commission of the robbery and attempted robbery.

Prior to sentencing, defendant asked the court to stay imposition of sentence on the assault count under Penal Code section 654, on the ground the attempted robbery of Patsarynyuk and assault upon him were part of the same course of conduct, and the assault was committed for the sole purpose of facilitating the robbery.  At sentencing, the defense counsel repeated this argument; the prosecution opposed the request.

The trial court found that, because the attempted robbery was completed when defendant struck Patsarynyuk with the pistol, the assault with the gun was separate from the attempted robbery, and may be punished separately.

DISCUSSION

Penal Code section 654, subdivision (a) states,"[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."  Although, by its plain terms, Penal Code section 654 operates to bar multiple punishments of a single, physical act (see *Neal v. State of California* (1960) 55 Cal.2d 11, 18-21 [single act of setting fire to residence cannot be punished as arson and attempted murder]), Penal Code section 654 also prohibits multiple punishments for an indivisible course of conduct, even

3

though such conduct violates more than one statute (*People v. Beamon* (1973) 8 Cal.3d 625, 639).

Whether a course of conduct is indivisible for purposes of Penal Code section 654 depends on the intent and objective of the actor. If all the offenses are incidental to one objective, the defendant may be punished for any one of them, but not for more than one. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.) The defendant's intent and objective are factual questions for the trial court, and we uphold the trial court's finding, whether express or implied, if there is sufficient evidence to support it. (*People v. Vang* (2010) 184 Cal.App.4th 912, 915-916.) We review the record in the light most favorable to the trial court's finding and presume the existence of every fact the trial court could reasonably deduce from the evidence. (*Ibid.*)

In general, however, assaults committed "in the course of conducting a robbery" cannot be punished separately. (*People v. Brown* (1989) 212 Cal.App.3d 1409, 1427, disapproved on other grounds in *People v. Hayes* (1990) 52 Cal.3d 577, 628, fn. 10.) "[O]ne who uses a deadly weapon in the commission of first degree robbery simultaneously assaults the victim with such weapon but clearly may not be punished for both the robbery and assault with a deadly weapon." (*People v. Beamon*, *supra*, 8 Cal.3d at p. 637; see also *People v. Ridley* (1965) 63 Cal.2d 671 [victim shot when he attempted to knock gun from robber's hands]; *People v. Flowers* (1982) 132 Cal.App.3d 584 [victim assaulted while struggling with robbers].) This rule holds true even when the victim is actually harmed by a deadly weapon and not merely threatened with use of the weapon. For instance, striking an unaware and defenseless victim in the back of the head with a baseball bat, then immediately taking the prone victim's purse and fleeing, cannot be punished as both assault with a deadly weapon and robbery. (*People v. Logan* (1953) 41 Cal.2d 279, 283-284, 290-291.) In another case, an appellate court held the defendant could not be punished for both assault with a firearm and robbery, even though the victim was shot during the home invasion robbery. (*Brown,* at pp. 1415, 1426-1427.)

4

The trial court here relied upon one exception to this rule in concluding that defendant may be separately punished for striking Patsarynyuk with the pistol: "When there is an assault *after* the fruits of the robbery have been obtained, and the assault is committed with an intent other than to effectuate the robbery, it is separately punishable." (*In re Jesse F.* (1982) 137 Cal.App.3d 164, 171.) There is no substantial evidence to support the trial court's conclusion that the attempted robbery was complete when defendant struck Patsarynyuk. Rather, the evidence showed the assault in this case occurred *during* the attempted robbery of the victim, as Patsarynyuk had not given up his phone or his cash, and defendant was urging him to move "faster."

On appeal, the People rely upon a second exception to the general rule that Penal Code section 654 precludes the court from separately punishing an assault that occurs during a robbery: gratuitous violence against a helpless or unresisting victim is not incidental to a robbery, at least when it rises to the level of attempted murder. (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 271-272 [repeatedly hitting 66-year-old victim on head with two-by-four while taking victim's electronic device can be punished as attempted murder and robbery because the force used was more than necessary to achieve single objective of robbery]; *People v. Nguyen* (1988) 204 Cal.App.3d 181, 190-193 [defendant could be punished for attempted murder and robbery because accomplice shot helpless victim of robbery].) "[A]t some point the means to achieve an objective may become so extreme they can no longer be termed 'incidental' and must be considered to express a different and a more sinister goal than mere successful commission of the original crime." (*Nguyen,* at p. 191.) The People assert that, because "the attempted robbery could have been completed without violence," defendant's striking of Patsarynyuk was "gratuitous" and he should be separately punished for it.

We disagree that defendant's actions bring him within the scope of the "gratuitous violence" exception employed by *Cleveland* and *Nguyen*. Defendant did not resort to violence "so extreme [it] can no longer be termed 'incidental' " to the attempted robbery.

5

(*People v. Nguyen, supra*, 204 Cal.App.3d at p. 191.)  Striking Patsarynyuk once in the face with his handgun was plainly intended by defendant to hasten Patsarynyuk's compliance with his demands that Patsarynyuk hand over his property.  There was no independent, "more sinister goal" (cf. *Nguyen,* at p. 191) than the goal associated with defendant's attempted robbery.

The trial court erred in refusing to stay the execution of the sentence it imposed for defendant's conviction in count three.

### DISPOSITION

The one-year consecutive term imposed on assault with a deadly weapon is ordered stayed pursuant to Penal Code section 654.  Defendant's total sentence now amounts to four years, rather than five years.  In all other respects, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.


     ROBIE     , Acting P. J.


We concur:


     BUTZ     , J.


     HOCH     , J.