Filed 7/15/15  P. v. Salinas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LIBRADO JUNIOR SALINAS,<br><br>    Defendant and Appellant. | F068628<br><br>(Super. Ct. No. BF150094A)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna, Leanne LeMon and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Kane, Acting P. J., Detjen, J. and Smith, J.

A jury convicted appellant, Librado Junior Salinas, of transportation of methamphetamine (count 1/Health & Saf. Code, § 11379, subd. (a)), bringing a controlled substance into jail (count 2/Pen. Code, § 4573),[1] possession for sale of methamphetamine (count 3/Health & Saf. Code, § 11378), and resisting arrest (count 4/§148, subd. (a)(1)). In a separate proceeding, the court found true a prior prison term enhancement (§ 667.5, subd. (b)), two prior conviction enhancements (Health & Saf. Code, § 11370.2, subd. (c)), and allegations that Salinas had two prior convictions within the meaning of the three strikes law (§ 667, subds. (b)–(i)).

On appeal, Salinas contends: 1) his sentence violates section 654; 2) the court erred when it imposed consecutive sentences; and 3) he was denied the effective assistance of counsel during sentencing. We affirm.

## FACTS

On August 3, 2013, at approximately 4:45 a.m., Bakersfield Police Officer Jeff Martin stopped a car driven by Salinas because some of the car's lighting equipment was not working properly. During a patdown search of Salinas, Officer Martin found $353. Officer Francisco Esguerra responded to the scene and searched a backpack that was in the car. The backpack contained mail and a receipt with Salinas's name, 20 plastic sandwich baggies, a digital scale, several batteries that fit the scale, a laptop computer, and other electronics. Salinas admitted the backpack belonged to him.

Salinas was arrested and transported to the county jail. Prior to being taken into the jail to be booked, Officer Esguerra asked Salinas if he was in possession of any contraband and Salinas responded that he was not. Officer Esguerra warned Salinas he would face additional charges if found to be in possession of contraband in the jail and Salinas again replied that he did not possess any contraband. Salinas was then escorted into the jail to be booked.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Salinas was uncooperative during the booking process and would not put his hands on a counter so he could be searched. After he was booked, Salinas struggled with deputies while being escorted away and he dropped a plastic baggie that was later determined to contain 11.25 grams of methamphetamine.

At Salinas's trial, Officer Esguerra testified as an expert that the methamphetamine was possessed for sale.

On December 3, 2013, the court sentenced Salinas to an aggregate term of 17 years: the upper term of four years on count 1, doubled to eight years because of Salinas's strike convictions; one-third the midterm of one year on count 2, doubled to two years; a one-year prior prison term enhancement; two three-year prior conviction enhancements; a stayed term on Salinas's conviction for possession for sale of methamphetamine; and a concurrent term on his conviction for resisting arrest.

## DISCUSSION

### The 654 Issue

Salinas contends that his transportation of methamphetamine (count 1) and bringing a controlled substance in to jail (count 2) offenses occurred during an indivisible course of conduct. Thus, according to Salinas, the court violated section 654's proscription against multiple punishment when it imposed a two-year term on count 2. We disagree.

Section 654, subdivision (a) provides, in relevant part:

> "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

Our Supreme Court has "often said that the purpose of section 654 'is to insure that a defendant's punishment will be commensurate with his culpability.'" (*People v. Latimer* (1993) 5 Cal.4th 1203, 1211 (*Latimer*).) "Section 654 does not allow any

multiple punishment, including either concurrent or consecutive sentences." (*People v. Deloza* (1998) 18 Cal.4th 585, 592.)

"Case law has expanded the meaning of section 654 to apply to more than one criminal act when there was a course of conduct that violates more than one statute but nevertheless constitutes an indivisible transaction." (*People v. Hairston* (2009) 174 Cal.App.4th 231, 240.) In determining whether a course of conduct consisting of multiple acts is indivisible, we look to the "defendant's intent and objective." (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) "[I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, [the] defendant may be found to have harbored a single intent and therefore may be punished only once." (*Ibid.*) On the other hand, "[i]f [the defendant] entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (*People v. Beamon* (1973) 8 Cal.3d 625, 639.)

"[D]ecisions … have refined and limited application of the 'one intent and objective' test, in part because of concerns that the test often defeats its own purpose because it does not necessarily ensure that a defendant's punishment will be commensurate with his culpability." (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1253.) Thus, as our Supreme Court noted in *Latimer*, cases decided since the intent and objective rule was announced in *Neal v. State of California* (1960) 55 Cal.2d 11 have "limited the rule's application in various ways," including, in some cases, by "narrowly interpret[ing] the length of time the defendant had a specific objective, and thereby found similar but consecutive objectives permitting multiple punishment." (*Latimer, supra*, 5 Cal.4th at pp. 1211–1212, italics omitted.) These cases include *People v. Louie* (2012) 203 Cal.App.4th 388 (*Louie* ), where the court rejected a challenge based on section 654 to the imposition of sentence on multiple offenses, stating: "[W]here a course of conduct

4.

is divisible in time it may give rise to multiple punishment even if the acts are directive to one objective.  [Citation.]  *If the separation in time afforded* [*the*] *defendants an opportunity to reflect and to renew their intent before committing the next crime, a new and separate crime is committed.*"  (*Louie*, *supra*, at p. 399, italics added.)

"Whether [section 654] 'applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination.  [Citations.]  Its findings will not be reversed on appeal if there is any substantial evidence to support them.  [Citations.]  We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence.'"  (*People v. Vang* (2010) 184 Cal.App.4th 912, 915–916.)

Salinas transported the baggie of methamphetamine in his car prior to being stopped and he continued transporting it when he carried it concealed on his person into the police station.  Prior to entering the station and being booked, Salinas was asked if he possessed any contraband and admonished that if he entered the jail with contraband he would be facing additional charges.  Nevertheless, after telling Officer Esguerra twice that he did not possess any contraband, Salinas transported the methamphetamine on his person into the police station where he was booked.

The court could reasonably have found from these circumstances that Salinas had different objectives when he transported the methamphetamine, i.e., that his objective when he transported the methamphetamine in the car was to sell it; whereas, his objective in transporting it into the jail was to prevent the officers from discovering it.  The court could also reasonably find that Salinas had plenty of time to reflect on his continued transportation of the methamphetamine while being transported to the police station and while being admonished of the consequences of bringing contraband into the jail.  Moreover, Salinas's conduct in transporting the methamphetamine into the jail was more culpable than transporting it on the street because had he been successful in getting it past the booking area, he could have sold it or otherwise distributed it to other inmates.  Thus,

we conclude that the court did not violate section 654 when it imposed a consecutive two-year term on Salinas's conviction for bringing contraband into the jail.

### *The Consecutive Terms*

Salinas contends that the crimes of transportation of methamphetamine and bringing a controlled substance into a jail and their objectives were not independent of each other and that they occurred during a single period of aberrant behavior. Thus, according to Salinas, the court erred when it imposed a consecutive two-year term on his conviction in count 2 for bringing a controlled substance into a jail.

Salinas forfeited this issue on appeal by his failure to object in the trial court to the imposition of consecutive sentences. (*People v. Scott* (1994) 9 Cal.4th 331, 336.) However, even if this issue were properly before us, we would reject it.

> "It is well established that a trial court has discretion to determine whether several sentences are to run concurrently or consecutively. [Citations.] It is also the rule that appellate courts do not have the power to modify a sentence or reduce the punishment therein imposed absent error in the proceedings. [Citation.] Moreover, such error cannot be predicated on a trial court's determination that several sentences are to run consecutively unless an abuse of discretion is clearly shown. [Citations.]

> "[D]iscretion is abused whenever the court exceeds the bounds of reason, all of the circumstances being considered. [Citations.] However, in the absence of a clear showing that its sentencing decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate sentencing objectives and, accordingly, its discretionary determination to impose consecutive sentences ought not be set aside on review." (*People v. Giminez* (1975) 14 Cal.3d 68, 71–72.)

> California Rules of Court, rule 4.425 provides:

> "Criteria affecting the decision to impose consecutive rather than concurrent sentences include: [¶] (a) Criteria relating to crimes [¶] Facts relating to the crimes, including whether or not: [¶] (1) The crimes and their objectives were predominantly independent of each other; [¶] (2) The crimes involved separate acts of violence or threats of violence; or [¶] (3) The crimes were committed at different times or separate places, rather

than being committed so closely in time and place as to indicate a single period of aberrant behavior.

"(b) Other criteria and limitations  [¶]  Any circumstances in aggravation or mitigation may be considered in deciding whether to impose consecutive rather than concurrent sentences, except:  [¶]  (1) A fact used to impose the upper term;  [¶]  (2) A fact used to otherwise enhance the defendant's prison sentence; and  [¶]  (3) A fact that is an element of the crime may not be used to impose consecutive sentences."  (Boldface omitted.)

As discussed earlier, the court reasonably could have found that Salinas had different objectives when he transported the methamphetamine in his car and when he transported it into the jail.  Further, a substantial period of time passed between the time he transported the methamphetamine with his car and when he took it into the jail. Additionally, Salinas had time to contemplate whether to take the methamphetamine into the jail and he made a deliberate decision to do so because prior to entering the jail he was warned he would face additional charges if he was found to be in possession of contraband in the jail.  The court could reasonably conclude from these circumstances that the crimes at issue were not committed "so closely in time and place as to indicate a single period of aberrant behavior."  (Cal. Rules of Court, rule 4.425(a)(3).)  Thus, we conclude that the court did not abuse its discretion when it imposed a consecutive term on Salinas's conviction for bringing contraband into the jail.

### The Ineffective Assistance of Counsel Claim

Salinas contends his defense counsel provided ineffective representation by his failure to object to the trial court's imposition of a consecutive sentence on his conviction in count 2 for bringing a controlled substance into a jail.  We disagree.

"A meritorious claim of constitutionally ineffective assistance must establish both:  '(1) that counsel's representation fell below an objective standard of reasonableness; *and* (2) that there is a reasonable probability that, but for counsel's unprofessional errors, a determination more favorable to [the] defendant would have resulted. [Citations.]  If the defendant makes an insufficient showing on either one of these components, the ineffective assistance claim fails.  Moreover, "'a court

7.

need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.' [Citation.]"' [Citation.]" (*People v. Holt* (1997) 15 Cal.4th 619, 703.)

Since the record supports the imposition of a consecutive term on count 2, even if defense counsel had objected, it is unlikely the court would have imposed a concurrent term on this count. Accordingly, we reject Salinas's ineffective assistance of counsel claim because he has not shown he was prejudiced by defense counsel's representation.

## DISPOSITION

The judgment is affirmed.