Filed 11/12/15  P. v. Herrera CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN DAVID HERRERA,<br><br>    Defendant and Appellant. | B259685<br><br>(Los Angeles County<br>Super. Ct. Nos. VA135738, VA131989,<br>VA130697) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Larry S. Knupp, Judge.  Affirmed as modified.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Juan Herrera contends the trial court improperly imposed double punishment in violation of Penal Code[1] section 654 by sentencing him for possession of a firearm by a felon and for possession of ammunition. We find his contention has merit, and modify the judgment accordingly.

**FACTS**

Because Herrera pled no contest, the facts are summarized from the preliminary hearing transcript. On June 22, 2014, Los Angeles County Sheriff's Department Deputy Juan Solorzano saw Herrera and co-defendant Samuel Bernal in a vehicle at the Good Nite Inn in Whittier. Deputy Solorzano contacted the two men and searched the vehicle. We set forth the deputy's testimony regarding the search as it is critical to Herrera's current appeal. It provides, in pertinent part:

"Q: What did you find in the vehicle?

"A: In the back seat I found an empty marijuana container. In the trunk I found a . . . safe. The safe contained a gun, meth, two U.S. passports that didn't belong to Mr. Herrera or Mr. Bernal, California I.D. that belonged to somebody else. Numerous shaved keys and I think two iPads and two mini iPads, also a meth pipe.

"[¶] . . . [¶]

"Q: I'm going to ask you about these items specifically. As to the gun, what type of gun was it?

"A: It was a Colt Python.

"Q: Did it appear to be operable?

"A: Yes. It was in very good condition.

"Q: Was it loaded with any ammunition?

"A: Yes, it was it was fully loaded.

"Q: What do you mean 'fully loaded'?

"A: I think it's five or six rounds.

---

[1] All further references are to the Penal Code unless otherwise indicated.

2

"[¶] . . . [¶]

"Q:   Sir, I'm showing you what has been previously marked as People's 1.  Do you recognize what is shown in People's 1?

"A:   Yes, I do.  That's a picture I took.

"Q:   What is depicted in this photograph?

"A:   It's the – all four iPads, [the identification documents], — I think there was a total of 14 shaved keys, a lock picking set, the gun itself, the meth, the ammo the gun was loaded with, and the empty marijuana container."

At some point after the preliminary hearing, Herrera pled no contest to four counts, listed respectively, as follows:  possession of a firearm by a felon (count 1; § 29800, subd. (a)(1)), possession of a controlled substance (count 2; Health & Saf. Code, § 11377, subd. (a)); possession of ammunition (count 3; § 30305, subd. (a)(1)); and receiving stolen property (count 6; § 496, subd. (a)).  Further, Herrera admitted a prior strike conviction.  (§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d).)

The trial court sentenced Herrera to an aggregate term of 7 years and 4 months in state prison as follows: 3 years for count 1, doubled to 6 years for the prior strike; plus a consecutive term of 8 months (1/3 the mid-term) for count 2, doubled to 16 months for the prior strike.  Two terms of 16 months each were imposed on counts 3 and 6, which were ordered to run concurrently with the term imposed on count 1.  When imposing sentence, the trial court made no express findings about the separate nature of the offenses.

Herrera filed a timely notice of appeal.

**DISCUSSION**

Herrera contends the trial court violated section 654 by imposing sentence on both counts 1 and 3.  We agree.

Section 654, subdivision (a), states:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that

3

provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision . . . ."

Section 654 has been interpreted to "preclude[] multiple punishment for a single act or indivisible course of conduct punishable under more than one criminal statute. Whether a course of conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the 'intent and objective' of the actor. [Citation.] If all of the offenses are incident to one objective, the court may punish the defendant for any one of the offenses, but not more than one. [Citation.] If, however, the defendant had multiple or simultaneous objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct." (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 267-268.)

"Whether [section 654] 'applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination. [Citations.] Its findings will not be reversed on appeal if there is any substantial evidence to support them. [Citations.] We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence. [Citation.]' [Citation.]" (*People v. Vang* (2010) 184 Cal.App.4th 912, 915-916.)

As the briefs on appeal demonstrate, two results are possible in Herrera's case. If Herrera possessed a firearm loaded with ammunition, and also additional ammunition, then the trial court properly sentenced him on both counts 1 and 3. We agree with the People that it is permissible for a sentencing court to find divisible acts where a person possesses a loaded firearm and also additional ammunition. As the People correctly note, the ammunition in a loaded firearm may be used in the firearm, and separate ammunition used for reloading that weapon or given to another for use. However, if the only ammunition involved in Herrera's case was ammunition that was loaded in a firearm, then the term for a possession of ammunition should have been imposed and stayed,

4

rather than run concurrent, under section 654. (*People v. Lopez* (2004) 119 Cal.App.4th 132, 138-139.) As *Lopez* explains, in the latter situation there is no possession of ammunition divisible from the possession of the firearm.

The People read Deputy Solorzano's testimony as showing that Herrera not only possessed a loaded firearm, but also ammunition that was separate from the firearm. In making this argument, the People apparently misconstrue the deputy's testimony about the picture he took of the items recovered from Herrera's vehicle. We do not read the deputy's testimony the same way. Deputy Solorzano testified that the picture showed "the gun itself, the meth, *the ammo the gun was loaded with . . . .*" Plainly, the officer removed the ammunition that was in the gun for purposes of taking a picture of all of the criminal contraband involved in the case.[2] There was no ammunition separate from that which had been in the firearm. The officer did not take a picture of "the gun itself, the meth, and the ammo" recovered from Herrera's vehicle. As a result, we find the trial court's implied finding that the counts one and three had separate objectives is not supported by the evidence and that it erred in imposing a concurrent sentence on count 3.

## DISPOSITION

For the reasons explained above, the concurrent 16 month term on count 3 must be modified to reflect the execution of sentence is stayed. The trial court is directed to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. With this modification, the judgment is affirmed.

BIGELOW, P.J.

We concur:

RUBIN, J.               GRIMES, J.

---

[2]     We ordered the superior court to forward People's Exhibit 1 to our court for review. We received and have looked at the photograph. It shows the Colt Python and six bullets only.

5