Filed 5/10/16  P. v. Hernandez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PETER HERNANDEZ,<br><br>    Defendant and Appellant. | B264311<br><br>(Los Angeles County<br>Super. Ct. No. MA064961) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed as modified.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Andrew S. Pruitt, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury found defendant and appellant Peter Hernandez guilty of possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)[1]), possession of ammunition (§ 30305, subd. (a)(1)), and possession of a smoking device (former Health & Saf. Code, § 11364.1, subd. (a)(1)). Defendant admitted he suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and six prior convictions within the meaning of section 667.5, subdivision (b). The trial court sentenced defendant to state prison for a term of 12 years for his possession of a controlled substance with a firearm conviction and to concurrent lesser terms for his remaining convictions.

On appeal, defendant contends the trial court erred by imposing a concurrent term on his possession of a firearm by a felon conviction rather than staying the term under section 654. The Attorney General agrees. We order defendant's sentence on his possession of a firearm by a felon conviction stayed under section 654, and his abstract of judgment modified accordingly.

## BACKGROUND

Around 4:00 a.m. on December 16, 2014, Los Angeles County Sheriff's Department Deputies Ian Stade, Mark Madrid, and other deputies searched a house on Fiddleneck Court in the City of Palmdale. Matias Ramirez leased the house and was present during the search.

At some point, Stade discovered that someone was in the house's southwest bedroom. Stade ordered the bedroom's occupants to come out. Separately, a female and defendant came out of the bedroom. Madrid searched the southwest bedroom. He found a small shopping bag on a shelf in the bedroom's closet. Inside the bag was a white athletic sock that contained a loaded, operable firearm.

---

[1] All further statutory citations are to the Penal Code unless otherwise noted.

2

Madrid also found a small safe in the closet.  Inside the safe Madrid found a baggie that contained several live rounds of ammunition, a pocket-size digital scale, a glass methamphetamine pipe that had a burned bulbous end, a social security card and an E.B.T. card[2] bearing defendant's name, and a package of sandwich baggies.  On the surface of the digital scale was a white powdery residue that contained methamphetamine.  The inside of the glass methamphetamine pipe was coated with a crystalline substance that contained methamphetamine.

In a further search of the bedroom, Madrid found two additional scales and a small baggie.  In the baggie was a crystalline substance that contained methamphetamine.

Madrid spoke with Ramirez outside the house.  Ramirez said that he was the "homeowner or person in charge of the home," he had leased the southwest bedroom to defendant, he and defendant were the sole occupants of the house, and all other persons present were visitors.

Defendant did not testify.  The parties stipulated that defendant previously had been convicted of a felony.

## DISCUSSION

**The Trial Court Should Have Stayed Defendant's Sentence for His Possession of a Firearm by a Felon Conviction Under Section 654**

Defendant contends the conduct underlying his convictions for possession of a controlled substance with a firearm and possession of a firearm by a felon were part of a single course of conduct and the trial court thus erred when it imposed a concurrent term on his possession of a firearm by a felon conviction, rather than staying that term under section 654.  The Attorney General agrees, as do we.

"Section 654 precludes multiple punishments for a single act or indivisible course of conduct.  [Citation.]"  (*People v. Hester* (2000) 22 Cal.4th 290, 294.)  "'Few if any crimes, however, are the result of a single physical act.  "Section 654 has been applied

_____

[2]     The State of California apparently issues and uses E.B.T. cards to dispense funds to persons receiving benefits from various state programs.

not only where there was but one 'act' in the ordinary sense . . . but also where a course of conduct violated more than one statute and the problem was whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654." [Citation.]' [Citation.]" (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.)

"'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citation.]" (*People v. Latimer, supra*, 5 Cal.4th at p. 1208.) "[T]he question of whether defendant harbored a 'single intent' within the meaning of section 654 is generally a factual one . . . ." (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) "The question whether section 654 is factually applicable to a given series of offenses is for the trial court, and the law gives the trial court broad latitude in making this determination. Its findings on this question must be upheld on appeal if there is any substantial evidence to support them." (*People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312.)

"[I]f a defendant commits two crimes, punishment for one of which is precluded by section 654, that section requires the sentence for one conviction to be imposed, and the other imposed and then stayed. [Citation.] Section 654 does not allow *any* multiple punishment, whether concurrent or consecutive. [Citation.]" (*People v. Deloza* (1998) 18 Cal.4th 585, 594.)

In *People v. Williams* (2009) 170 Cal.App.4th 587, the trial court found that the conduct underlying the defendant's convictions for possession of a controlled substance while armed and possession of a firearm by a felon "involved the same act and intent," but imposed a concurrent term on the possession of a firearm by a felon count rather than staying that term under section 654. (*Id.* at p. 646.) The Court of Appeal reversed, holding that "[t]he trial court . . . erred under section 654 in imposing a concurrent term rather than staying the punishment" on the defendant's possession of a firearm by a felon conviction. (*Id.* at pp. 645-646; see also *People v. Jones* (2012) 54 Cal.4th 350, 357 [in a

4

section 654 case concerning multiple punishment for illegal firearm possession, the California Supreme Court cited, with apparent approval, the holding in *People v. Williams* which it characterized as: "[section] 654 prohibits multiple punishment for possession of a firearm by a felon and possession of a controlled substance while armed"].) While there may be room to affirm a trial court that does not stay a sentence on a felon in possession charge under section 654 where it has "explicitly found the felon in possession of a firearm and possession of methamphetamine while armed offenses involved separate intents," (see *People v. Vang* (2010) 184 Cal.App.4th 912, 915-917 [holding that trial court "could reasonably conclude that defendant possessed the firearm to both conduct his drug business and to protect his home in a high crime area]"), that is not the case here.

At defendant's sentencing, the trial court imposed a 12-year term on defendant's possession of a controlled substance with a firearm conviction and stated it was exercising its discretion to impose concurrent terms on defendant's remaining convictions "given that the course of conduct all arose from the—basically, the same incident or same course of—same period of time." The trial court's apparent finding that defendant's conduct underlying his convictions for possession of a controlled substance while armed and possession of a firearm by a felon arose from the same course of conduct is supported by substantial evidence—i.e., defendant, a felon, possessed the controlled substance and firearm together in his bedroom and did not provide testimony that would support a finding that he possessed the firearm for an intended purpose different from his methamphetamine possession. (*People v. Hutchins, supra,* 90 Cal.App.4th at p. 1312.) Accordingly, based on that finding, the trial court should not have imposed a concurrent sentence on defendant's conviction for possession of a firearm by a felon, but, instead, should have stayed the sentence on that conviction under section 654. (*People v. Williams, supra,* 170 Cal.App.4th at pp. 645-646; see *People v. Jones, supra,* 54 Cal.4th at p. 357.)

5

## DISPOSITION

Defendant's sentence on his conviction for possession of a firearm by a felon is stayed pursuant to section 654, and his abstract of judgment is ordered modified accordingly. Defendant's judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


RAPHAEL, J.*


We concur:


TURNER, P. J.


KRIEGLER, J.

---

*      Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.