Filed 11/12/20  P. v. Rich CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C088501 |
| Plaintiff and Respondent, | (Super. Ct. No. P18CRF0289) |
| v. | |
| RONALD PAUL RICH, | |
| Defendant and Appellant. | |

Defendant Ronald Paul Rich pleaded no contest to possession of a firearm, possession of ammunition, and possession of methamphetamine while armed with a loaded firearm.  Defendant contends the sentence for the possession of a firearm offense should be stayed under Penal Code section 654[1] because it resulted from the same conduct as the possession of methamphetamine while armed with a loaded firearm offense.  Defendant also asks us to correct an error on the abstract of judgment.  We will

---

[1]     Undesignated statutory references are to the Penal Code.

order the abstract corrected, remand the matter to allow the court to state the statutory basis for fees and assessments imposed at sentencing, and otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Detectives from the El Dorado County Sheriff's Office came to defendant's home to question him about the location of a person for whom they were searching. Defendant's father answered the door, and escorted the detectives to defendant's bedroom, where defendant was sleeping. One of the detectives spoke with him briefly, then defendant pulled out a revolver and pointed it at the detective. The detectives retreated outside. A short time later, defendant followed them outside and apologized, saying he did not realize who they were.

Defendant then allowed the detectives back into his home, where they noticed the gun defendant had pointed at the detective, a .32-caliber revolver, in a partially open dresser drawer. The revolver was loaded. He later told the detectives he kept the revolver under his pillow and used it for protection. On top of the dresser, the detectives also noticed three baggies of methamphetamine. Defendant granted permission to search his home. The detectives found methamphetamine paraphernalia, as well as ammunition scattered throughout the bedroom. They found two .44-caliber pistols in a holster hanging in the bedroom. They also found ammunition throughout the home. Finally, there were two rifles in soft rifle cases lying on a couch in the living room. The rifles were not loaded.

Defendant pleaded no contest to one count of possession of a firearm by a felon (§ 29800, subd. (a)(1)) based on the possession of "a .32 Cal. Harrington/Richardson Revolver, Fllipietta [*sic*] .44 Cal. Rifle, Fllipietta [*sic*] .44 Cal Pistol, [and] Columbia rifle," one count of possession of ammunition by a felon (§ 30305, subd. (a)(1)), and one count of possession of a controlled substance while armed with a firearm based on the possession of a loaded, operable ".32 Cal. Harrington/Richardson Revolver." (Health & Saf. Code, § 11370.1, subd. (a).) He also admitted a prior strike conviction.

2

The trial court sentenced defendant to serve a four-year term (double the low term) in state prison for the possession of a controlled substance count. The court also imposed a 32-month concurrent sentence for the possession of a firearm count (double the low term) and a 32-month concurrent sentence for the possession of ammunition count (double the low term). The court noted the sentences could have been imposed consecutively, but would instead run concurrently.[2] The trial court determined the latter sentences should not be stayed under section 654 because they involved "a different set of factors than the possession while armed with a firearm and possessing methamphetamine."

Finally, the court ordered defendant to pay a fee under Health and Safety Code section 11372.7, in the amount of $150 plus penalty assessments of $285, for a total of $435. The abstract of judgment contains a note in section 13 that orders the payment of a $145 fee under Health and Safety Code section 11372.5, subdivision (a), and a $500 fee under Health and Safety Code section 11372.7, subdivision (a).

DISCUSSION

I

*Section 654*

Defendant contends the sentence for the possession of a firearm offense should have been stayed under section 654 because it resulted from the same conduct as the possession of a controlled substance while armed with a firearm offense. We disagree.

"Section 654 . . . ' "precludes multiple punishment for a single act or for a course of conduct comprising indivisible acts. 'Whether a course of criminal conduct is

---

[2] The court apparently misspoke and swapped the words "consecutively" and "concurrently" at the hearing, but the interpretation corresponding to the court's actions is that the sentences could have been imposed consecutively, but would be imposed concurrently.

3

divisible . . . depends on the intent and objective of the actor.' [Citations.] '[I]f all the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once.' [Citation.]" [Citation.]' . . . [¶] Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143 (*Jones*).) Thus, such a determination is "a factual determination that must be sustained on appeal if supported by substantial evidence." (*People v. Osband* (1996) 13 Cal.4th 622, 730.) "We review the trial court's findings 'in a light most favorable to the respondent and presume in support of the order the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]' " (*People v. Green* (1996) 50 Cal.App.4th 1076, 1085.)

" ' "Whether a violation of [former] section 12021, forbidding persons convicted of felonies from possessing firearms . . . constitutes a divisible transaction from the offense in which he [or she] employs the weapon depends upon the facts and evidence of each individual case. Thus where the evidence shows a possession distinctly antecedent and separate from the primary offense, punishment on both crimes has been approved. On the other hand, where the evidence shows a possession only in conjunction with the primary offense, then punishment for the illegal possession of the firearm has been held to be improper where it is the lesser offense." ' [Citations.]" (*Jones, supra*, 103 Cal.App.4th at pp. 1143-1144, fn. omitted.) "[A] single possession or carrying of a single firearm on a single occasion may be punished only once under section 654." (*People v. Jones* (2012) 54 Cal.4th 350, 357.) However, " 'simultaneous possession of different items of contraband' are separate acts" because " 'the possession of one item is not essential to the possession of another separate item.' " (*Id.* at p. 358.) Thus, for example, "a felon who possesses several firearms is more culpable than one who possesses a single weapon." (*People v. Correa* (2012) 54 Cal.4th 331, 342.) To be

convicted of possession of a controlled substance while armed with a firearm, a defendant must be "armed with a loaded, operable firearm." (Health & Saf. Code, § 11370.1, subd. (a).)

Defendant relies on *People v. Williams* (2009) 170 Cal.App.4th 587 for the conclusion that his possession of a firearm sentence must be stayed under section 654. In *Williams*, a trial court found that a firearm possession conviction and a possession of a controlled substance conviction shared the same act and intent, but imposed the sentences for the convictions concurrently, rather than staying the sentence for one of the convictions under section 654. (*Williams*, at pp. 645-646.) The Court of Appeal concluded the trial court erred by not staying the sentence. (*Ibid.*) But, as defendant acknowledges, *Williams* is distinguishable because the factual basis in this case parcels out specific firearms to their corresponding offenses. (*Id.* at p. 596.) Moreover, the trial court found the possession of a firearm and possession of methamphetamine while armed offenses involved separate acts. We thus need only "determine whether the court's finding is supported by substantial evidence." (*People v. Vang* (2010) 184 Cal.App.4th 912, 916.)

Defendant's conviction for possession of methamphetamine while armed with a firearm rested on his possession of a .32-caliber revolver that he kept under his pillow-- the prosecution charged the crime specifying the revolver, and the trial court recited this basis while accepting defendant's change of plea. The .32-caliber revolver was loaded and placed under defendant's pillow in his bedroom, where it would be within easy reach and in ready condition to use. The revolver, like all of defendant's handguns, was kept in the bedroom, close in proximity to defendant's methamphetamine and drug paraphernalia. Defendant explained to detectives that he kept the revolver for his protection.

Defendant's conviction for possession of a firearm rested on his possession of all the firearms found in his home--the .32-caliber revolver, the .44-caliber pistols, and the

5

two rifles. Unlike the revolver and pistols, the rifles were unloaded and were kept in the living area in soft cases on the couch. Defendant did not explain his intent behind the possession of the rifles. Because of the location and condition of the rifles, it is a reasonable inference they were not immediately useable to protect or facilitate defendant's possession of methamphetamine. Nor could possession of the rifles have formed the basis of the possession of methamphetamine while armed offense, which requires a loaded, rather than unloaded, firearm. The intent behind each possession was distinct and the possession of each firearm constituted a separate act under section 654. We conclude substantial evidence supports the trial court's conclusion the possession of a firearm offense was separate from the possession of methamphetamine while armed with a firearm offense.

## II

### *Abstract of Judgment*

Defendant argues the abstract of judgment states he is required to pay a $145 fee and a $500 fee under Health and Safety Code sections 11372.5 and 11372.7, respectively, while the oral pronouncement of judgment only ordered him to pay a fee of $435 under Health and Safety Code section 11372.7, and no fee under Health and Safety Code section 11372.5. The People concede this error. We agree the abstract should be corrected and additionally direct the trial court to clarify the statutory bases for the penalty assessments to the imposed fee.

A minute order or abstract of judgment cannot override or displace the trial court's oral pronouncement of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Moreover, trial courts must include in their judgments the statutory basis for every fine, fee, or assessment imposed. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200; see also *People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) At the sentencing hearing, the trial court ordered defendant to pay a fee of $150 under Health and Safety Code section 11372.7, with additional penalty

6

assessments of $285, for a total of $435. The court did not provide any breakdown of the penalty assessments or list their statutory bases. Nor did the court order any fee under Health and Safety Code section 11372.5, as the abstract of judgment states. We will remand so the trial court may correct these errors and fully list the statutory bases of the fines, fees, and penalties imposed.

DISPOSITION

The matter is remanded to the trial court to allow the court to identify the penalty assessments attached to the fee imposed under Health and Safety Code section 11372.7 and the corresponding statutory bases. The trial court is directed to prepare an amended abstract of judgment that strikes the $145 fee and $500 fee under Health and Safety Code sections 11372.5 and 11372.7 and lists the statutory basis for each assessment imposed, and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/s/
HOCH, J.

We concur:

/s/
BLEASE, Acting P. J.

/s/
HULL, J.

7